**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANCIS BATTISTA,<br>CRYSTAL BATTISTA,<br>　　　　　Plaintiffs,<br>　　vs.<br>ADVANCED FINANCIAL SERVICE LLC,<br>　　　　　Defendant. | CIVIL ACTION<br><br>NO. |

**COMPLAINT FOR DAMAGES AND REPLEVIN**

### I.　INTRODUCTION

1. This is an action involving a wrongful conversion of a family minivan by use of intimidation and threats of violence, supported by threats of arrest by armed law enforcement. Plaintiffs had paid for their minivan in full, without financing, and at no point was there any lien on the minivan that would allow for an *ex parte* taking. Plaintiffs own the minivan outright.

2. Nonetheless, a repossession agency trespassed on Plaintiffs' land to take the minivan, refused to leave upon being instructed to do so, and summoned law enforcement to assist with the theft of the minivan. The repossession agency ultimately stole Plaintiffs' vehicle and refused to give it back. These actions violate the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and other laws.

3. To this day, even after being shown the free and clear title, Defendant refuses to return the stolen minivan.

4. Plaintiffs are in urgent need of their minivan. Plaintiffs are small business owners with three young children—ages 4, 5, and 6—and they need the minivan to transport their small children around. Because of the May 28th theft, Plaintiffs had to cancel their preplanned

Memorial Day weekend vacation set to begin later that same day. The theft forced Plaintiffs to obtain alternative modes of transportation, which has caused great inconvenience, aggravation, and embarrassment.

5. Plaintiffs seek damages for the illegal taking and for distress suffered as a result of Defendant's actions.

6. Plaintiffs also seek replevin of the minivan, and request that the Court immediately schedule a hearing for the issuance of a writ of replevin.

## II. <u>JURISDICTION</u>

5. This Court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over the state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims. 28 U.S.C. § 1367.

7. Venue is proper in the District of New Jersey because Defendant resides in this District and the minivan is believed to be located in this District.

## III. <u>PARTIES</u>

8. Plaintiff Francis Battista ("Mr. Battista") is an adult who resides in Aston, PA.

9. Plaintiff Crystal Battista ("Mrs. Battista") is an adult who resides in Aston, PA.

10. At all times relevant, Plaintiffs were a married couple, and have been married since June 2015.

11. Defendant Advanced Financial Service LLC ("Advanced") is a New Jersey limited liability company, with a principal place of business at 957 Sicklerville Road, Sicklerville, NJ 08081. Advanced is in the business of repossessing vehicles pursuant to security interests. Advanced and its agents who actually effected the repossession are collectively

referred to here as the "repossession agency."

12.     As of this writing, Advanced is wrongfully in possession of the 2018 Honda Odyssey minivan at issue in this case.

## IV.     STATEMENT OF CLAIM

13.     On May 21, 2020, Plaintiffs purchased a used 2018 Honda Odyssey ("minivan") for primarily personal, family, and household use. A copy of the Retail Purchase Agreement is attached as Exhibit A. Although the buyer and title owner on the Retail Purchase Agreement is Mrs. Battista, Plaintiffs share the minivan and consider it to be marital property.

14.     The Retail Purchase Agreement required cash down payment of nearly $30,000. Plaintiffs paid the entire balance owed in full on May 21, 2020, and the minivan was delivered to them. Plaintiffs also traded in their 2014 Cadillac ATS, which was valued at $6,316.00.

15.     Plaintiffs did not finance the purchase of the minivan, and the minivan is not secured by any lien. Plaintiffs own the minivan outright.

16.     At about 1:00 a.m. on Friday May 28, 2021, Mr. and Mrs. Battista were awoken by the sound of a truck pulling up in front of their house.

17.     Mr. Battista immediately went outside and observed a tow truck backing up into his driveway, where his minivan was parked.

18.     The tow truck had two occupants, both agents of the repossession agency Advanced. They informed Mr. Battista that the minivan was being repossessed.

19.     Mr. Battista objected, advising the agents for Advanced that Plaintiffs had title to the minivan, that there was no bank, that Plaintiffs owned the minivan outright, and that the agents were trespassing.

20.     The agents for Advanced were also shown the title, free and clear of any liens or

3

encumbrances.

21. Nonetheless, the agents for Advanced proceeded to take the minivan.

22. One of the agents even resorted to intimidation and veiled threats of violence, as well as the overt threat of slapping Mr. Battista in the face.

23. Neither Advanced nor anyone else had sought or obtained a court order or similar writ to seize Plaintiffs' minivan.

*The Police Arrive and Assist with the Theft*

24. One of the agents for Advanced telephoned the police.

25. Within minutes, Aston Township, PA police officers arrived at the scene of the incident—the Battistas' home.

26. Mr. Battista told the police that Plaintiffs had title to the minivan, there was no bank, that Plaintiffs owned the minivan outright, and that the agents for Advanced were trespassing on Plaintiffs' property.

27. Rather than directing the agents for Advanced to leave Plaintiffs' property, the police officers assisted the repo man in his illegal taking by threatening to arrest Mr. Battista unless he allowed the taking to go forward.

28. The police officers had no legal authority to direct Plaintiffs to surrender their minivan, nor to threaten arrest.

29. With the assistance of the police officers on the scene, who threatened to arrest Mr. Battista, the agents for Advanced took possession of the vehicle and drove away with it.

*Damage to Plaintiffs*

30. As a result of Defendant's conduct, Plaintiffs lost their primary mode of familial transportation and suffered pecuniary loss, mental and emotional distress, aggravation, stress,

worry, humiliation, and embarrassment.

31. Plaintiffs also expended significant time, energy, and effort trying to address the theft of their minivan.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

33. Defendant Advanced was acting as a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6).

34. The FDCPA prohibits a debt collector from engaging in unfair or unconscionable means to collect or attempt to collect a debt, including taking any non-judicial action to effect dispossession or disablement of property when there is no present right to do so. 15 U.S.C. § 1692f(6).

35. Defendant Advanced repossessed Plaintiffs' minivan when it had no lawful present right to do so.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against Defendant Advanced Financial Services LLC for:

(a) Damages;

(b) Attorney fees and costs as permitted under 15 U.S.C. § 1692k; and

(c) Such other relief as the Court may be deem just and proper.

## COUNT II
## REPLEVIN

36. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

5

37. Defendant Advanced took Plaintiffs' minivan without lawful basis, authority, or court order.

WHEREFORE, Plaintiffs demand the immediate return of the minivan unlawfully taken by Defendant Advanced Financial Services LLC.

## COUNT III
## CONVERSION/TRESPASS TO CHATTELS

38. Plaintiffs repeat the allegations contained above as if the same were here set forth at length.

39. Defendant Advanced wrongfully repossessed Plaintiffs' minivan, and deprived Plaintiffs of their minivan.

40. Defendant took Plaintiffs' vehicle without their consent, without lawful justification, and without a lawful right to possession.

41. Defendant trespassed on Plaintiffs' property in order to repossess the vehicle and breached the peace.

42. As a result of Defendant's intentional, willful and reckless conduct, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment against Defendant Advanced Financial Services LLC for the following:

(a) Nominal damages;

(b) Actual damages;

(c) Punitive damages;

(d) Such other and further relief as the Court deems just and proper.

## COUNT IV
## TRESPASS

43. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

44. Defendant Advanced intentionally intruded upon Plaintiffs' property to take the minivan.

45. Defendant Advanced refused to leave Plaintiffs' property despite Plaintiffs' instructions and objections.

46. As a result of Defendant's intentional, willful, and reckless conduct, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment against Defendant Advanced Financial Services LLC for the following:

(a) Nominal damages;

(b) Actual damages;

(c) Punitive damages;

(d) Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all issues so triable.

                                                 Respectfully submitted:

Date:  6/25/2021                          */s/  Jody T. López-Jacobs*
                                              CARY L. FLITTER
                                              ANDREW M. MILZ
                                              JODY THOMAS LÓPEZ-JACOBS
                                              Attorneys for Plaintiffs

                                              **FLITTER MILZ, P.C.**
                                              1814 East Route 70
                                              Suite 350
                                              Cherry Hill, NJ 08003
                                              cflitter@consumerslaw.com
                                              amilz@consumerslaw.com
                                              jlopez-jacobs@consumerslaw.com