# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANCIS BATTISTA and CRYSTAL BATTISTA, | : : : | Civil Action No. 21-12979 |
| Plaintiff, | : : | |
| v. | : : | |
| Advanced Financial Service LLC, et al., | : : : | **OPINION** |
| Defendants. | : : | |

This matter come before the Court on motion to dismiss by County of Delaware and Assistant District Attorney Michael Hill ("Delaware County Defendants") [Dkt. No. 70], pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue, 12(b)(6) for failure to state a claim on which relief can be granted, and 12(b)(5) for insufficient service of process. Plaintiffs, Francis and Crystal Battista have not filed opposition or otherwise responded. Plaintiffs have also failed to respond to the separate motions to dismiss filed by Defendant Advanced Financial Service LLC ("Advanced") [Dkt. Nos. 74, 79]; those motions will be addressed in a separate Opinion.

Plaintiffs' claims center on the alleged improper repossession of their minivan by Advanced, a repossession agency, in May 2020. Advanced "trespassed" on Plaintiffs' property in Aston Township, Pennsylvania to retrieve the Minivan, with assistance from officers of the Aston Township Police Department and the approval of Defendant Hill. (Second Am. Complaint at ¶ 4-5).

1

Plaintiffs' Second Amended Complaint alleges Due Process violations pursuant to 42 U.S.C. § 1983 against the County of Delaware, Michael Hill and John Doe Police Officers 1-5 in their official capacities (Count I) and Due Process violations pursuant to 42 U.S.C. § 1983 against Michael Hill, Mark Michaels, Dennis Killian, Michael Wiley, and John Does 1-5, in their individual capacities (Count II). Defendants Wiley, Killian and Michaels are believed to be Aston Township Police Officers. The Police Officers have not moved for dismissal and Plaintiffs have failed to prosecute the actions as to these defendants.

Relevant here, Plaintiffs allege a *Monell* claim against Delaware County for failure to train and policy and custom violations and a civil rights violation against Hill for his alleged role in the private repossession of the minivan. *See*, *Hyman v. Cap. One Auto Fin.*, 826 F. App'x 244, 246 (3d Cir. 2020). It appears that Aston Township and the Aston Township Police Department are the entities alleged to have assisted in the repossession and are separate and distinct jural and governmental entities from the Delaware County Defendants. At most, Defendant Hill is alleged to have taken a phone call from a certain Aston Township police officer and advised them to allow the repossession to go forward and to inform Plaintiffs of the legality of the repossession. (Compl. at ¶¶ 67-68).

Federal Rule 12(b)(5) permits dismissal in the absence of personal jurisdiction by reason of the absence of process. Service of process is governed by Fed. R. Civ. P. 4, which provides that "[a] summons must be served with a copy of the complaint. Plaintiffs bear the burden of having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes

2

service." *See* Federal Rule of Civil Procedure 4(c)(1).

> Fed. R. Civ. P. 4(e) states that proper service may be made by:
> a) delivering a copy of the summons and of the complaint to the individual personally;
> b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4 sets forth the requirements for service of process in all civil actions in United States District Courts, and Rule 12(b) incorporates them. *See id*.

Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). If service is put in issue by a defendant, a plaintiff has "the burden of proving proper service" or explaining the lack thereof. *See Rivera Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992); *see also Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). If a plaintiff shows "good cause" for the failure to timely serve, the court "must extend" the time for service. *See id*.

In this case, service was raised as an issue by the Delaware County Defendants. Plaintiffs, therefore, bear the burden of proving sufficient service of process. *See Anderson v. Mercer Cnty. Sheriff's Dep't*, No. 11–7620, 2013 WL 5703615, at *3 (D.N.J. Oct.17, 2013) (citing *Grand Entm't Grp.*, 988 F.2d at 488). Plaintiffs have never responded to Delaware County's motion and therefore offer no argument to challenge Delaware County's argument that the County and/or Michael Hill have not been served.[1]

---

[1] The Court notes that the present motion was filed on August 22, 2022, the same day the magistrate judge had a conference. [Dkt. No. 71], Since that time, two other motions have been filed by Defendant Advanced, without

3

In addition, there is no evidence on the docket to support an argument that service was made on the Delaware County Defendants.

The docket reflects that the Second Amended Complaint was filed on May 13, 2022. [Dkt. No. 51]. Summonses were issued by the Clerk as to Defendants Michael Hill, Dennis Killian, Mark Michaels, and Michael Wiley. [Dkt. No. 52]. No Summons was issued as to Defendant County of Delaware. Plaintiff Francis Battista, proceeding *pro se* filed a Certification of Service on June 9, 2022, attesting to the fact that "all counsel of record" were served with the Second Amended Complaint. [Dkt. No. 54]. At the time Battista's Certification was filed, counsel for the Delaware County Defendants had not made an appearance in the case and did not do so until August 22, 2022 [Dkt. No. 69].

In addition, there are no executed Summonses on the docket to indicate that service was made as to Defendants Michael Hill, Dennis Killian, Mark Michaels, and Michael Wiley. As a result, there is no evidence or argument to support proper service and Plaintiffs fail to show that the County of Delaware and/or Michael Hill were served. Furthermore, since Plaintiffs never responded to Delaware County's motion to dismiss for failure to serve, they have failed to make a showing that there is good cause to extend the time to serve. The Court finds that given the length of delay the Delaware County Defendants would be unfairly prejudiced by Plaintiffs' lack of diligence were an extension to be permitted. Given Plaintiffs' demonstrated history of failure to respond to motions, and to prosecute its case[2], the Court declines to grant a discretionary extension

---

opposition, and the magistrate judge has held conferences with the parties on September 28, 2022 [Dkt. No. 80], November 18, 2022 [Dkt. No. 89], and January 26, 2023 [Dkt. No. 94].

[2] Plaintiffs have not prosecuted this case with respect to Aston Township Police Officers Dennis Killian, Mark Michaels, and Michael Wiley.  An Order to Show Cause will be issued pursuant to L.Civ.R.41.1(a).

4

of time. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

The Delaware County Defendants will be dismissed from the action pursuant to Rule 12 (b)(5) for failure to serve. An appropriate Order shall issue.

Dated: March 2, 2023

                                                        /s/ Joseph H. Rodriguez
                                                        Honorable Joseph H. Rodriguez, U.S.D.J.