IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANCIS BATTISTA and CRYSTAL BATTISTA, | Civil Action No. 21-12979 |
| Plaintiff, | |
| v. | |
| Advanced Financial Service LLC, et al., | **OPINION** |
| Defendants. | |

These matters come before the Court on separate motions of Defendant Advanced Financial Service LLC ("Advanced") [Dkt. Nos. 74, 79] for dismissal. The first filed motion argues for dismissal of the Second Amended Complaint pursuant to Fed. R. Civ. P. 12 (f). The second filed motion seeks dismissal of this case for failure to prosecute, pursuant to Fed. R. Civ. P. 41 (b). The Court has considered the written submissions of Advanced in support of its motions and has not received a response from Plaintiffs, despite these motions having been filed on August 23, 2022, and September 16, 2022, respectively.[1] Since that time, Magistrate Judge Sharon A. King has held conferences with the parties on September 28, 2022 [Dkt. No. 80], November 18, 2022 [Dkt. No. 89], and January 26, 2023 [Dkt. No. 94].[2]

---

[1] The Court notes that Defendants County of Delaware and Michael Hill, who have since been dismissed from this case, filed a motion to dismiss on August 22, 2022, the same day the magistrate judge had a conference with the parties. [Dkt. No. 71]. Plaintiffs did not file opposition to that motion.

[2] Counsel for the Plaintiffs filed a motion to withdraw their appearance on September 24, 2021.[ Dkt. No. 34]. That motion was granted on December 15, 2021. [Dkt. Nos. 40-41]. Thereafter, the magistrate judge held an initial pre-trial conference on January 31, 2022. [Dkt. No. 43]. Plaintiff Francis Battista, appearing *pro se*, indicated that he was representing himself and Plaintiff Crystal Battista, who is his wife. Since that time, Plaintiffs have navigated this matter *pro se* and have utilized the District of New Jersey's Helpdesk to file documents on the docket in this

1

I. Background

Plaintiffs' claims center on the alleged improper repossession of their minivan by Defendant Advanced, a repossession agency, in May 2020 in Aston Township, Pennsylvania. Plaintiffs initiated this action on June 25, 2021. The complaint sought monetary and injunctive relief against a single defendant, Advanced. [Dkt. No. 1]. Then, Plaintiffs moved for an Order directing return of the minivan. [Dkt. No. 4]. This Court held oral argument and denied the motion. During the hearing, the Court observed that Plaintiffs had not sued all of the relevant parties, including the entity which was in possession of the minivan. [Dkt. No. 11].

Plaintiffs added Defendants Carvana, LLC ("Carvana") and Bridgecrest Credit Company, LLC ("Bridgecrest") by way of an amended complaint on July 22, 2021. [Dkt. No. 13]. On August 30, 2021, Carvana filed a responsive pleading asserting affirmative defenses and counterclaims alleging, *inter alia*, that Plaintiffs never actually paid for the minivan. [Dkt. No. 26]. Carvana also propounded claims against Plaintiffs for breach of contract, fraudulent misrepresentation, trespass to chattels, civil conspiracy, unjust enrichment and for declaratory judgment. *Id.*

Shortly thereafter, Counsel for the Plaintiffs filed a motion to withdraw their appearance on September 24, 2021. [Dkt. No. 34]. As discussed *infra* n. 2, that motion was granted and Magistrate Judge Sharon King conducted the initial pre-trial conference on January 31, 2022. Plaintiffs appeared *pro se* with Francis Battista taking

---

matter. *See e.g.* Dkt. Nos. 54, 56, 88. In turn, the Clerk's office has mailed the Court's docket entries to the Plaintiffs.

.

on the representation of himself and his wife, Crystal Battista.  A "Scheduling Order" was issued on February 1, 2022, which stated:

> "The time within which to seek amendments to the pleadings or to add new parties will expire on May 6, 2022. Except as otherwise permitted in the Federal or Local Rules of Civil Procedure, leave of Court is necessary to file an amended pleading. Counsel shall comply with amended Local Civil Rule 15.1, which requires motions to amend to state whether the motion is opposed. Parties shall meet and confer in person or by phone about the issue. Parties shall also attach to their motion a form of the proposed amended pleaded that indicates in what respect(s) it differs from the pleading it proposes to amend."

*Id.* at §8.  In addition to these deadlines, a telephonic status conference was scheduled for May 2, 2022. In the meantime, Carvana moved for entry of default against Counter-Defendants Francis Battista and Crystal Battista as to Carvana's August 30, 2021 Counterclaims. [Dkt. No 46]. Default was entered on April 25, 2022. On April 28, 2022 Carvana and Bridgecrest moved for dismissal pursuant to Fed. R. Civ. P. 41 (b) for lack of prosecution. [Dkt. No. 47].

Plaintiffs failed to appear at the May 2, 2022 telephonic conference; Judge King issued an Order to Show Cause and Scheduling Order directing Plaintiffs to appear by telephone on May 20, 2022 to explain their absence. [Dkt. No. 48]. The Order also put the Plaintiffs on notice that their complaint would be dismissed if they failed to appear on May 20, 2022. *Id.*

On May 3, 2022 Advanced moved to dismiss for lack of prosecution pursuant to Rule 41 (b) and joined the Bridgecrest and Carvana motion seeking the same relief. During the May 20, 2022 conference, only Francis Battista appeared.  Then, on May 13, 2022, Plaintiffs filed a "Second Amended Complaint." [Dkt. No. 50]. This filing came after the Court's deadline of May 6, 2022, as set forth in the February 1, 2022, Scheduling Order

3

and Advanced claims that Plaintiffs did not obtain consent from any defense counsel or seek leave of Court to file the Second Amended Complaint.

As discussed in the Court's March 2, 2023 Opinion, addressing the Motion to Dismiss of the County of Delaware and Michael Hill, the Second Amended Complaint added five new parties: the County of Delaware; Delaware County Assistant District Attorney Michael Hill, and; Aston Township Police officers Mark Michaels, Dennis Killian, and Michael Wiley. [Dkt. Nos. 95-96]. Several counts were added, including two counts alleging Due Process violations pursuant to 42 U.S.C. § 1983, a count of fraudulent misrepresentation as to Bridgecrest, and a count of civil conspiracy as to Advanced, Bridgecrest and Carvana. [Dkt. No. 50]. The new pleading also dropped a previously plead claim for Replevin and attached five exhibits, which Advanced claims were produced for the first time.

On May 24, 2022, the Court issued an Amended Scheduling Order. [Dkt. No. 53]. The Amended Scheduling Order did not contain any provision allowing for any party to amend the pleadings or to add new parties. On June 10, 2022, Carvana filed a Motion to Strike Amended Complaint. [Dkt. No. 55]. That same day, Plaintiffs filed an Answer to Carvana's Counterclaims, by way of the Helpdesk. [Dkt. No. 56].

Advanced filed its first motion to dismiss on August 24, 2022. Then, on August 25, 2022, Plaintiffs claims against Carvana and Bridgecrest and Carvana's Counterclaims were dismissed by Stipulation of the parties, mooting Carvana's motion to strike the Second Amended Complaint.[3]  Advanced filed a second, and the present, motion to dismiss for failure to prosecute on September 16, 2022. Magistrate Judge King has

---

[3] The stipulation of dismissal came on the heels of the Magistrate Judge King's August 22, 2022, conference and the filing of the Motion to Dismiss of the County of Delaware and Michael Hill.

conducted three conferences with the parties since that time.

Advanced seeks dismissal of the Second Amended Complaint pursuant to Fed. R. Civ. P. 12 (f) because Plaintiffs' filing of the Second Amended Complaint was made in violation of Judge King's February 2, 2022 Scheduling Order and Fed. R. Civ. P. 15. In addition, Advanced moves to dismiss this action pursuant to Fed, R. Civ. P. 41 (b) for Plaintiffs' failure to prosecute this case and/or otherwise participate in this litigation. The Court will consider the motions in turn.

## II. Dismissal Pursuant to Rule 12 (f)

Fed. R. Civ. P. 12 (f) permits the striking of a pleading where a party fails to adhere to Fed. R. Civ. P. 15 concerning amendments of a pleading before trial. *Amato v. Subaru of America, Inc.*, 2021 WL 2154976 at *1 (D.N.J. May 27, 2021) (analyzing a motion to strike based upon the party's failure to adhere to Fed. R. Civ. P. 15).  Pursuant to Fed. R. Civ. P. 15(a), a party may amend once, as a matter of course, within 21 days of service of the pleading. Fed. R. Civ. P. 15(a)(l)(A). Otherwise, the Rule allows amendment "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(l)(B).  Here, Plaintiffs' amendment was untimely and Plaintiffs acted unilaterally, without consent from the opposing parties and without leave. In addition, Plaintiffs' filing also falls outside the May 6, 2022 deadline, as set forth in Magistrate Judge King's Scheduling Order.  For the following reasons, the Court will strike the Second Amended Complaint.

Plaintiffs' filing is not permitted by Judge King's Scheduling Order. A scheduling order must, among other things, "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The requirement of setting a deadline for amending pleadings in the pretrial scheduling

5

order "assures that at some point … the pleadings will be fixed." Fed. R. Civ. P. 16(b) advisory committee's note (1983 Amendment); *see also Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990) ("The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired.").

Pursuant to Rule 16, a moving party can ask for an extension of deadlines in a scheduling order where "good cause" is shown. A finding of "good cause" must consider the diligence of the moving party. *See GlobespanVirata, Inc. v. Texas Instruments, Inc.*, Civ. No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005) (quoting *Rent–A–Ctr. v. Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. Apr. 9, 2003)); *Premier Comp Sols., LLC*, 970 F.3d at 319. "Absent diligence, there is no 'good cause.' " *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp.2d 695, 702 (E.D. Pa. Aug. 8, 2007); *see also* Fed. R. Civ. P. 16(b), advisory committee's note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

When examining a party's "diligence" and whether "good cause" exists for granting an otherwise untimely motion to amend, courts must evaluate whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired. *See Stallings ex rel. Estate of Stallings v. IBM Corp.*, Civ. No. 08–3121, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009) (denying plaintiffs' motion to amend because they "had sufficient information to state the proposed claims well in advance of the Scheduling Order deadline"); *Kennedy v. City of Newark*, Civ. No. 10–1405, 2011 WL 2669601, at

6

*2 (D.N.J. July 7, 2011) ("The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed.").

Where the movant has the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline as set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion. *See Dimensional Comm'ns, Inc. v. Oz. Optics, Ltd.*, 148 Fed. App'x. 82, 85 (3d Cir. 2005) (upholding trial court's finding that the movant could not show "good cause" because it was in possession of the facts underlying its proposed counterclaim well before the deadline for amendment).

Here, Plaintiffs did not ask the magistrate judge for an extension and failed to appear for the May 2, 2022, Conference set four days before the scheduling order deadline to amend expired. Plaintiffs have not opposed this motion, or the other dispositive motions, and therefore put forth no evidence of good cause for failing to timely file their pleading. Moreover, Plaintiffs history of dilatoriness and unresponsiveness undermines any attempt by the Court to discern diligence.  As set forth infra., although proceeding *pro* se, Plaintiffs have been able to file responses by way of the Helpdesk.  The fact that no response to any of the pending dispositive motions has been tendered coupled with Plaintiffs' history of dilatoriness undermines the finding of diligence and good cause in this matter.  The Court finds that Plaintiffs possessed the skills and knowledge necessary to move for an extension of time and failed to do so to their detriment.

In addition, the Court finds that the amendment should be stricken for failure follow Federal Rule of Civil Procedure 15. Rule 15 encourages and provides for a liberal policy for amending pleadings. Under Rule 15(a), leave to amend pleadings "shall be

7

freely given when justice so requires." In *Froman v. Davis*, the Supreme court articulated the liberal policy of allowing amendments underlying Rule 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or undeclared reasons–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

372 U.S. 178, 182 (1962); *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). The Third Circuit has elaborated on the proper analysis to apply:

> The trial court's discretion under Rule 15, however, must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is the "touchstone for the denial of leave to amend." ... In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.

*Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands*, 663 F.2d 419, 425 (3d Cir. 1981) (citing *Cornell & Co. v. Occupational Safety and Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978); *see also Bechtel v. Robinson*, 886 F.2d 644, 652 (3d. Cir. 1989).

Here, there is no indication on the docket that Plaintiffs' sought leave of Court to amend pursuant to Rule 15 (a)(l)(B). In addition, Advanced avers that Plaintiffs did not seek permission or the consent of opposing counsel before it filed the pleading. *See* Decl. Timothy M. O'Donnell, [Dkt. No. 74-3]. Because Plaintiffs have not opposed this motion, the Court accepts as true the fact that Plaintiffs acted in contravention to the Rules.

Therefore, even though it is well established that the futility of amendment may

8

be considered by the Court in denying a motion to amend, it is only one factor. *Froman*, 371 U.S. at 182; see also Fed. Deposit Ins. Corp. v. Bathgate, 27 F.3d 850, 874 (3d Cir. 1994); *Averbach v. Rival Mfg. Co.*, 879 F.2d 1196, 1203 (3d Cir. 1989).[4] Because Plaintiffs' improper filing of the Second Amended Complaint lacks good cause, and undue delay and prejudice exist as independent, sufficient grounds upon which to deny leave to amend, the Court need not consider whether Plaintiffs' Second Amended Complaint is futile. *See Velto v. Reliance Standard Life Ins. Co.*, No. 10-CV-01829, 2011 WL 810550, at *7 n.3 (D.N.J. Mar. 1, 2011) (declining to conduct futility analysis upon finding lack of good cause under Rule 16) and *AMS Const. Co. v. Reliance Ins. Co.*, No. CIVA 04-CV-02097, 2006 WL 1967336, at *4 (E.D. Pa. July 12, 2006) (declining to conduct futility analysis upon finding undue delay prejudice to defendant under Rule 15). Plaintiffs have had ample opportunity to express good cause during the multiple conferences with the magistrate judge since the filing of this motion and have failed to make any such application. Plaintiffs have failed to oppose this motion and/or retroactively seek leave. Plaintiffs have also failed to prosecute this case as to multiple defendants and certain claims. Plaintiffs out of time filing of the Second Amended Complaint cannot be excused for diligence and/or good cause and the filing will be stricken pursuant to Rule 12 (f).[5]

---

[4] " 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane*, 213 F.3d at 115. In assessing futility, a district court must apply the same standard of legal sufficiency that applies under Fed. R. Civ. P. 12(b)(6). *Id.* (citing 3 Moore's Federal Practice, ¶ 15.15[3], at 15–47 to –48 (3d ed. 2000)). Thus, if the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend. If a proposed amendment is not clearly futile, then denial of leave to amend is improper." Wright, Miller & Kane, Federal Practice and Procedure § 1487 at 637–642 (2d ed. 1990) (footnote omitted). Finally, the Third Circuit has held that an amendment is futile when the claims asserted by the plaintiffs are time-barred under the state of limitations. *In re NAHC, Inc., Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002).

[5] Dismissal of the Second Amended Complaint has additional implications to other non-moving parties. In its March 2, 2023 Opinion and Order [Dkt. Nos. 95-96, the Court noted that an Order would issue pursuant to L. Civ. R. 41.1(a) for failure to prosecute this matter as to Aston Township Police Officers Dennis Killian, Mark Michaels,

9

III.     Dismissal Pursuant to Rule 41 (b)

Advanced also moves pursuant to Fed. R. Civ. P. 41 (b).  Rule 41(b) permits a defendant to move to dismiss an action, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." The Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), set forth a six-factor test to determine if dismissal of an action with prejudice is appropriate:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

(emphasis in original); *see also Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). The Court also explained that " 'dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff.' " *Poulis*, 747 F.2d at 866 (*quoting Donnelly v. Johns–Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982)). "Dismissal must be a sanction of last, not first, resort." *Id.* at 869. No single *Poulis* factor is decisive and not every factor must be present to warrant dismissal. *See Adonai–Adoni v. King*, No. 12–3605, 2012 WL 6183617, at *2 (3d Cir. Dec. 12, 2012); *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d. Cir. 1992). Ultimately, a dismissal with prejudice is discretionary and "the decision must be made in the context of the district court's extended contact with the litigant." *Mindek*, 964 F.2d at 1373. *See also Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P.*, 405 Fed. Appx. 592, 595 (3d Cir.

---

and Michael Wiley.  The Court's Order striking the Second Amended Complaint will dismiss the Aston Defendants and negate the need for a L. Civ. R. 41.1(a) Order.

2010); *Adegbuji v. Middlesex County*, 347 Fed. Appx. 877, 881 (3d Cir. 2009).

Here, this case has gone stagnant, a posture which has endured in earnest since at least August 24, 2022, when the first dispositive motion was filed by Advanced. But Plaintiffs' dilatoriness is evident since February 2022. Plaintiffs have failed to respond almost every dispositive motion, including the present motions. In addition to the obvious failures to respond gleaned from the docket, counsel for Advanced offered a certification detailing multiple unsuccessful attempts to engage with Plaintiffs to resolve discovery issues and to move the case forward.[6]

Advanced informed the Court of several discovery violations causing Judge King to issue a text order on February 16, 2022, to elicit Plaintiffs' engagement and compliance. *See Decl. Timothy O'Donnell*, ¶ 4, [Dkt. No. 79-2].[7] Then, Plaintiffs violated the Court's Scheduling Order by failing to appear May 2, 2022. [Dkt. No. 48]. Following an Order to Show Cause and the resulting conference on May 20, 2022, Judge King set May 27, 2022, as a new deadline for Plaintiffs to provide responses to Advanced's Interrogatories and Initial Request for Production of Documents. *See Decl. Timothy O'Donnell*, ¶ 9, [Dkt. No. 79-2]; *see also* May 24, 2022, Scheduling Order [Dkt. No. 53]. Advanced attempted to coax compliance and on June 9, 2022, Plaintiff Francis Battista provided uncertified responses to Advanced's Interrogatories. Advanced claims the response "contained many non-responsive answers and no response to Advanced's Initial Request

---

[6] Specifically, counsel states that between January 31, 2022, and February 14, 2022, he made multiple attempts to contact Plaintiffs by letter and telephone to discuss initial disclosures and digital discovery required by Court Order. "Plaintiffs failed produce initial disclosures, return my phone calls, or otherwise respond to my attempts to contact them." Decl. Timothy O'Donnell, at ¶ 2, Dkt. No. 79-2. Counsel also sent similar letters on March 21, 2022, June 10, 2022, and August 26, 2022 to which no response was received. *Id.* at ¶¶, 4, 5, 19, Exs. 1, 2, 7 [Dkt. Nos. 79-5, 79-6-, 79-7].

[7] "After I informed the Court of Plaintiffs violations of Court Orders, the Court issued a separate order directing Plaintiffs to participate in the discovery process." *Id.* Counsel also avers that "Counsel for Co-Defendant Carvana and Bridgecrest advised me that they made multiple attempts to contact Plaintiffs by phone during this time period but reached only a full voicemail." *Id.* at ¶ 3.

11

for Production of Documents." *See Decl. Timothy O'Donnell*, ¶ 11, [Dkt. No. 79-2]. The next day, Plaintiffs filed an Answer to Carvana's Counterclaim on the docket. [Dkt. No. 56].

Advanced claims it continued to solicit responses and that the Battistas failed to meet the requests. *See Decl. Timothy O'Donnell*, ¶¶ 12-16; [Dkt. No. 79-2]. Then, during Judge King's August 22, 2022, conference, Francis Battista advised the Court that both his and Crystal Battista's discovery responses would be provided "within the hour[,]" but Crystal Battista never furnished any responses or documents. *Id.* at ¶¶ 17, 18, 19. Francis Battista did provide a response on August 24, 2022. *Id.* Advanced claims that response was deficient, so it attempted to elicit more fulsome responses. Counsel avers the following in his Declaration:

> 20. I notified Plaintiffs Francis Battista and Crystal Battista by letter and email to Mr. Battista of their discovery deficiencies on Friday, August 26, 2022. I advised that I had received no responses at all from Mrs. Battista and that Mrs. Battista's discovery responses were deficient. *See* August 26, 2022 correspondences attached hereto as Exhibit 3.
>
> 21. In response to my email dated August 24, 2022, Francis Battista sent an email back calling my demands for discovery "laughable" and refusing to address any of the issues regarding his and Mrs. Battista's discovery deficiencies.
>
> 22. I attempted to call Francis Battista on August 29, 2022.at 10:11 a.m. and I left a voicemail for him asking him to call me back to discuss these issues.
>
> 23. On August 30, 2022, I spoke to Francis Battista briefly over the phone where he claimed he had tried to reach me by phone yesterday and was unsuccessful. However, he refused to speak to me about his and Crystal Battista's discovery deficiencies and instead kept demanding to speak to my managing partner and hung up on me.
>
> 24. Mr. Battista also sent me an email on August 30, 2022 calling me a "clown," a "joke," and a "moron."
>
> 25. Following the telephone discussion with Francis Battista and his

12

>email, I notified the Court by letter of my efforts to obtain Plaintiffs' certified discovery responses by letter filed August 30, 2022. *See* ECF No, 77.
>
>26. I did not receive any response to my August 30, 2022 from either Plaintiff.
>
>27. I never received Crystal Battista's certified discovery responses or a further response.

*Id.* at ¶¶ 20-27.

After a review of the factors outlined in *Poulis*, the Court finds that dismissal with prejudice is warranted in this case. First, as set forth above, Plaintiffs are personally responsible for their failure to prosecute and engage in an earnest and meaningful way. A *pro se* plaintiff is responsible for her failure to comply with a court's orders and is solely responsible for the progress of their case. *Briscoe*, 538 F.3d at 258–59; *see Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002). Although the Court must give due consideration to the explanations offered by a *pro se* litigant, the court need not speculate when a litigant fails to explain their failure to prosecute and/or answer the directives of the court. *See Briscoe*, 538 F.3d at 258–59 (Court must give consideration to offered explanation); *Ghana v. New Jersey State Parole Bd.*, No. 01–1620, 2011 WL 3608633, at *7 (D.N.J. Aug. 15, 2011) (litigant's failure to explain lack of diligence resulted in dismissal).

Second, as detailed above, Plaintiffs' failure to prosecute sufficiently prejudices Defendant by costing Defendant significant time and money. Prejudice may take the form of extra costs, repeated delays, and having to file additional motions due to abusive behavior by the other party. *Williams v. Sullivan*, No. 08–1210, 2011 WL 2119095, at *6 (D.N.J. May 20, 2011) report and recommendation adopted, No. 08–1210, 2011 WL 2112301 (D.N.J. May 25, 2011) aff'd, No. 11–2523, 2012 WL 6033987 (3d Cir. Dec. 5,

13

2012); *Chiarulli v. Taylor*, No. 08–4400, 2010 WL 1371944, at *3 (D.N.J. Mar.31, 2010) report and recommendation adopted, No. 08–4400, 2010 WL 1566316 (D.N.J. Apr. 16, 2010).  For these reasons, Plaintiffs' unresponsiveness had proonged, and continues to prolong the case and prejudices Defendant to an extent necessary to satisfy the prejudice prong under *Poulis*.

Third, Plaintiffs repeated failure to respond to motions, despite the demonstrate ability to file documents on the docket and failure to communicate with Advanced demonstrate a history of dilatoriness. A history of dilatoriness is present where there is a pattern of consistent conduct that occurs more than a few times over the life of the case. *Briscoe*, 538 F.3d at 261 (3d Cir. 2008); *Donnelly*, 677 F.2d at 343 (3d Cir. 1982); *Soriano v. County of Luzerne*, No. 3:11–CV–2206, 2012 WL 6138476, at *5 (M.D.Pa. Nov.13, 2012) report and recommendation adopted, No. 3:11–CV–2206, 2012 WL 6138468 (M.D.Pa. Dec.11, 2012). Plaintiffs' obstructive behavior is set forth in supported detail in the Declaration of Timothy O'Donnell. [Dkt. No. 79-2]. Plaintiffs' failure to appear and failure to respond to the Defendant's Motion to Dismiss are evident from both the docket and the Declaration of Counsel for Advanced. The Court finds that the pattern of dilatoriness is a strong factor favoring dismissal.

Fourth, the history of this case leaves the Court with no reason to doubt that Plaintiffs' conduct appears to be willful under *Poulis*. Willful or bad faith conduct can be understood as intentional or self-serving behavior. *See, e.g., NHL v. Metro. Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (plaintiff refused to answer interrogatories and broke commitments to the court for a 17- month period); *Curtis T. Bedwell & Sons, Inc.*, 843 F.2d at 695 (plaintiff failed to comply with court orders and discovery requests); *see also Martino v. Solaris Health Sys. Corp.*, No.

14

A.046324, 2007 WL 1959226, at *7 (D.N.J. June 29, 2007) (consistent failure to disobey court orders, "at the very least, renders his actions willful"); *Gilligan v. Cape May County Corr.*, No. 05–1177, 2006 WL 3454864, at *2 (D.N.J. Nov.28, 2006) (noncompliance with court orders is willful conduct); *Emerson*, 296 F.3d at 191 (failure to comply with court orders and "dragging the case out" was willful conduct). However, not every instance of failure to prosecute, negligence, or a "failure to move with the dispatch" amounts to willful or bad faith conduct under *Poulis. See, e.g., Donnelly*, 677 F.2d at 342 (plaintiff's dilatoriness in obtaining new counsel after the case was transferred from Texas to New Jersey not unreasonable).

Finally, the Court finds that Plaintiffs' claims are marginally meritorious. *Poulis*, 747 F.2d at 869–70; *Briscoe*, 538 F.3d at 263; *Adonai–Adoni v. King*, No. 07–3689, 2012 WL 3535922, at *5 (E.D.Pa. June 7, 2012) report and recommendation adopted, No. 07–3689 MLC, 2012 WL 3535962 (E.D.Pa. Aug.13, 2012) (noting that this is the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim). While the factual allegations in the operative complaint could conceivably support violations and recovery if established at trial, the Court is mindful of the posture of this case and concludes that this factor does not impede dismissal.

Having found that dismissal with prejudice is warranted, the Court is compelled to consider whether there are any alternatives to dismissal that will facilitate Plaintiffs' continued prosecution of this case. Dismissal with prejudice is a drastic action, and one of last resort. *Poulis*, 747 F.2d at 866, 869. Thus, " 'it is necessary … to consider whether lesser sanctions would better serve the interests of justice' " *Titus v. Mercedez Benz of North America*, 695 F.2d 746, 749 (3d Cir.1982) (quoting *Donnelly*, 677 F.2d at 342).

The Court has considered the alternative sanctions available and will give Plaintiffs

until March 29, 2023, to SHOW CAUSE in writing why this case should not be dismissed with prejudice pursuant to Rule 41 (b).  Failure to timely respond will result in the matter being dismissed with prejudice for the reasons expressed in this Opinion.

### IV.    Conclusion

For the reasons stated herein, Advanced's Motion to Dismiss pursuant to Rule 12 (f) will be granted and the Motion to Dismiss pursuant to Rule 41 (b) will be held in abeyance for a period of twenty-one (21) days.  In the meantime, the Court will Order Plaintiffs to Show Cause in writing by March 29, 2023, as to why the Court should not grant Defendant's Rule 41 (b) motion and dismiss their case with prejudice. Failure to timely respond will result in dismissal with prejudice for the reasons stated herein.

An appropriate Order shall issue.

Dated: March 8, 2023

/s/ Joseph H. Rodriguez
Honorable Joseph H. Rodriguez, U.S.D.J.