IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| FRANCIS BATTISTA and CRYSTAL BATTISTA, | : : : | Civil Action No. 21-12979 |
| Plaintiff, | : : | |
| v. | : : | |
| ADVANCED FINANCIAL SERVICE LLC, et al., | : : : | **OPINION** |
| Defendants. | : | |

 This matter comes before the Court on motion of Defendant Advanced Financial Service LLC ("Advanced") [Dkt. No. 79] for dismissal, pursuant to Fed. R. Civ. P. 41 (b). The Court addressed the merits of this motion in an Opinion dated March 8, 2023 and reasoned that dismissal was warranted. However, Plaintiffs were given one last chance to demonstrate their commitment to diligently prosecuting their case by showing cause in writing by March 29, 2023. Plaintiffs responded to the Order to Show Cause by way of email correspondence to the Court's online Help-desk.

 Advanced's response to Plaintiffs' filing sets forth additional dilatory conduct by Plaintiffs, some of which occurred when Plaintiffs were on notice by virtue of the Court's March 8, 2023 Opinion that dismissal was warranted. In the brief, Counsel for Advanced states the following:

1. On January 26, 2023, I emailed both Francis Battista and Crystal Battista at the email addresses they provided requesting dates in February they are available for deposition. I additionally made multiple phone calls to both Plaintiffs and left voicemails for them requesting their availability for depositions which were never responded to.

1

2. I followed up again on February 6, 2023 with emails to both Francis Battista and Crystal Battista at the email addresses they provided requesting dates when they are available for depositions. This email was also never responded to.
3. Plaintiffs were served with a Notice for the Depositions to take place on February 27, 2023. I received no response from either Plaintiff regarding the February 27, 2023 deposition.
4. I made phone calls to both Plaintiffs on February 20, 2023 requesting they confirm their appearance at the scheduled February 27, 2023 deposition. My phone calls were not to returned. The February 27, 2023 depositions never took place.
5. Francis Battista later advised that he would be available for a deposition on March 13, 2023 and I scheduled Plaintiffs' depositions for that date.
6. On March 9, 2023, I emailed both Plaintiffs asking them to confirm they would appear for depositions on March 13, 2023. This email was never responded to.
7. On March 10, 2023, I called both Plaintiffs to obtain confirmation that they would appear for the March 13, 2023 depositions. Neither Plaintiff answered their phones and both of their voicemail boxes.

Def. Response, Timothy M. O'Donnell, Esquire [Dkt. No. 101].

Most troubling is the behavior set forth in points 5, 6, and 7. Plaintiffs were aware of the Court's March 8 Opinion and yet they continued to evade communicating with Advanced.[1] In addition, the Court notes that on February 3, 2023 Plaintiffs claim they attempted to file an Amended Complaint. The Court consulted the Clerk's Office Help-desk, which Plaintiffs have regularly used to file its correspondence on the docket. The Help-desk email correspondence shows that while Plaintiffs sent an email to file several responses and an amended complaint, no documents were attached to file. The Help-desk alerted Plaintiffs to this deficiency, but Plaintiffs never responded to the Help-desk's email explaining the deficiency.

For the reasons set forth in the Court's Opinion of March 8, 2023 and the additional reasons identified herein, the Court finds that no plausible alternative to

---

[1] The Court notes that its March 8, 2023, Opinion and Order were delivered to Plaintiffs home by certified mail, in two separate mailings addressed to each Plaintiff. Those mailings were returned as "unclaimed" on April 13, 2023, and April 28, 2023, as to Francis Battista and Crystal Battista respectively. [Dkt. Nos. 102 and 103]. Therefore, it appears that Plaintiffs' awareness of the Court's Order to Show Cause must have come from the notice triggered by the filing on the Court's docket.

dismissal exists. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

The Court will dismiss the matter with prejudice pursuant to Fed. R. Civ. P. 41 (b).

An appropriate Order shall issue.


Dated: June 20, 2023

<u>s/ Joseph H. Rodriguez</u>
Hon. Joseph H. Rodriguez, U.S.D.J.